# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARY ARMITAGE,

    Plaintiff

v.

MANDARA PSLV, LLC,

    Defendant

Case No.: 2:18-cv-01175-APG-PAL

**Order Remanding Case**

    I previously ordered defendant Mandara PSLV, LLC to show cause why this case should not be remanded because there was no evidence that the amount in controversy exceeds $75,000. ECF No. 6. Mandara responded by arguing plaintiff Mary Armitage has alleged severe injuries including chemical burns to her feet, sciatica nerve injury, lower back pain, and restless leg syndrome. ECF No. 7 at 2. Mandara also asserts that Armitage demanded "policy limits" on Mandara's insurance, which would be $1 million, although there is no evidence Armitage knew the policy limit amount. *Id.* at 2-3. Mandara contends that given the nature of the injuries alleged and jury verdicts in other cases, removal is appropriate. *Id.* at 5-6. Finally, Mandara asserts that in a phone call with Armitage's counsel after removal, counsel refused to stipulate that Armitage would not seek more than $75,000. *Id.* at 6-7.

    Armitage's counsel filed a declaration in response, clarifying that in the referenced phone call, he advised Mandara's counsel that Armitage was not going to seek exemption from the state court mandatory arbitration program that caps damages at $50,000. ECF No. 8 at 2. He also stated that Armitage would not agree to stipulate that her damages would be capped at $75,000 only in the event that Armitage won an arbitration award and Mandara then requested a trial de novo. *Id.* at 2-3.

If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement," but where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id*. at 376.

In *Gaus*, the Ninth Circuit vacated the district court's grant of summary judgment because the federal court lacked subject matter jurisdiction; the Ninth Circuit remanded with instructions to remand the case to the state court. 980 F.2d at 565, 567. The plaintiff had filed suit in Nevada state court, seeking damages "in excess of $10,000." Upon removal, the removing defendant alleged that "the matter in current controversy . . . exceeds the sum of $50,000." *Id*. at 565. The Ninth Circuit found that the removing defendant "offered no facts whatsoever to support the court's exercise of jurisdiction," and held that "[t]his allegation, although attempting to recite some 'magical incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the removing defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000." *Id*. at 567.

The medical bills at present are approximately $3,000. ECF No. 7-2 at 3. That is many multiples below the statutory threshold. Further, Armitage has agreed to submit to Nevada's mandatory arbitration program, capping her damages at $50,000. That strongly suggests that the amount in controversy in this case was nowhere near $75,000 at the time of removal. Mandara has not met its burden of showing this court's diversity jurisdiction amount is satisfied, and to the extent there is a question I must resolve all doubts in favor of remand.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 20th day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE